**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ALSIS JONES
4805 Mercury Drive
Rockville, MD 20853

                    Plaintiff,

        v.

**Case No.:**

PRAMOTE CHANGSILA
9216 Claytonia Lane
Annandale, VA 22003

GREEN T. GROUP II, INC. t/a
SALA THAI RESTAURANT
4828 Cordell Avenue
Bethesda, MD 20817

RED BEAN SYSTEM, INC.
t/a SALA THAI
1301 U Street, NW
Washington, DC 20009

JA-ROEN-D INC., t/a
SALA THAI RESTAURANT
4828 Cordell Avenue
Bethesda, MD 20817; and

HANS M. RAVESTEIJN
4006 38th Pl
N. Arlington, VA 22207

                    Defendants.

<u>**COMPLAINT FOR COLLECTIVE ACTION**</u>

COMES NOW, Plaintiff ALSIS JONES, by and through his attorney, Athan Tsimpedes, Esq,

and complains against defendants PRAMOTE CHANGSILA, GREEN T. GROUP II, INC. t/a

1

SALA THAI RESTAURANT and JA-ROEN-D INC., t/a SALA THAI RESTAURANT and

HANS M. RAVESTEIJN as follows:

## INTRODUCTION

1.   This case arises from the fraud by wire and mail pursuant to a civil RICO action by

Plaintiff ALSIS JONES, against defendants consisting of Plaintiff's former employer, SALA

THAI Restaurants, through the corporate entities **GREEN T. GROUP II, INC. t/a SALA**

**THAI RESTAURANT, RED BEAN SYSTEMS INC. and JA-ROEN-D INC., t/a SALA**

**THAI RESTAURANT** owned by **PRAMOTE CHANGSILA** and his agent, co-conspirator

and accountant **HANS M. RAVESTEIJN**. The defendants manipulated income and accounting

records while coordinating false government records and income to be attributed to Plaintiff as

an employee of SALA THAI and others similarly situated. Defendants' pattern of racketeering

consisted of mainly acts through the mail and wire, while committing fraud and submitting false

government documents to the IRS or State and Federal authorities in Maryland and in the

District of Columbia knowing that Plaintiff was never paid nearly $30,000 in alleged wages and

was then taxed on that income despite never receiving the wages.  In addition, this action is to

recover unpaid wages, liquidated damages, reasonable attorney's fees and costs under Section

16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*.

(hereinafter "FLSA"). Plaintiff was required to work 70 hours or more on average per week

based on a biweekly salary (of nearly $1,500. every two weeks) that was based on a 40-hour

workweek, without ever receiving compensation or overtime wages for the additional 30 or more

hours worked each week during his employment that lasted approximately 80 weeks.

## JURISDICTION AND VENUE

2.     This Court has federal question jurisdiction under 28 U.S.C. § 1331, which provides that

"district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. This court has jurisdiction 18 U.S.C. § 1964(c):  Any person injured in his business or property by reason of a violation of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962.   This Court also has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Plaintiff also invokes the supplemental jurisdiction of this Court with respect to claims based upon applicable State laws pursuant to 28 U.S.C. § 1367.

3.      Venue is appropriate in the District of Columbia pursuant to 28 USC §1391 because Defendants' commercial acts or omissions giving rise to this action substantially or materially, in whole or in part, occurred in the District of Columbia and/or at least one Defendant maintains offices and/or transacts business in the District of Columbia related to Plaintiffs' claims or racketeering acts of the Defendants.

**THE PARTIES**

4.      Plaintiff ALSIS "JOE" JONES ("JONES") is an adult male residing in the State of Maryland who had previously lived in Thailand for most of his life. JONES has a minor daughter in Thailand that he supports through his employment and was planning to petition her through the US immigration laws to join him in the United States that was shamelessly interfered with by the fraud committed by the defendants as alleged herein.

5.      Defendant PRAMOTE CHANGSILA "(CHANGSILA") is an adult citizen employed or transacting business in the District of Columbia and State of Maryland and is upon information and belief the sole owner of GREEN T. GROUP II, INC. (successor in interest of Green T.

1 Group, Inc.) t/a SALA THAI RESTAURANT, JA-ROEN-D INC., t/a SALA THAI

2 RESTAURANT and RED BEAN SYSTEMS, INC. t/a SALA THAI RESTAURANT and are

3 considered employers of the Plaintiff as defined under the FLSA.

4

5 6. GREEN T. GROUP[1] II, INC. t/a SALA THAI RESTAURANT is a corporation formed

6 under the laws of the District of Columbia with CHANGSILA as its principal and place of

7 business located at 4828 Cordell Avenue, Bethesda, MD 20817

8 7. Defendant JA-ROEN-D INC., d/b/a SALA THAI RESTAURANT is corporation formed

9 under the laws of the State of Maryland that is located at 4828 Cordell Avenue, Bethesda, MD

10 20817.

11 8. Defendant RED BEAN SYSTEM, INC. d/b/a SALA THAI is operating as a Thai

12 restaurant located at 1301 U Street, NW, Washington, DC 20009

13

14 9. Defendant HANS M. RAVESTEIJN is an adult citizen of the Commonwealth of Virginia

15 who at all times relevant provided the payroll and accounting services to Defendant SALA THAI

16 and was a co-conspirator who assisted CHANGSILA and SALA THAI[2] to carry out their

17 wrongful acts by mail or wire to commit fraud as alleged herein to harm Plaintiff and members

18 of the class.

19

20 **BACKGROUND**

21 10. At all times throughout Plaintiff's employment, Defendants operated continuously in the

22 District of Columbia and the State of Maryland, doing business as SALA THAI Restaurants or

23

24 [1] Green T Group, Inc. is a Corporation formed under the laws of the District of Columbia and is
in revoked status and may still be operating as of the date of this filing yet was represented by

25 PRAMOTE to have been sold to a third party when in fact he has remained the owner or in
control of the business by forming the pre-textual purchaser Green T Group II, Inc. The

26 misrepresentation was designed to defraud workers like Plaintiff and others similarly situated as
discussed herein.

27 [2] When referring to SALA THAI or SALA THAI RESTAURANTS it shall mean or be
interchangeable with the business entities named as defendants including CHANGSILA that are

28 trading as SALA THAI RESTAURANTS.

providing their accounting and payroll.

11.     At all times relevant, Plaintiff and all other similarly situated individuals were "employees" covered by the FLSA, 29 U.S.C. § 206(a)(1).

12.     At all times, each Defendant was an "employer" for Plaintiff and other similarly situated individuals as defined under the FLSA.

13.     At all times relevant to this action, Defendant SALA THAI was an enterprise engaged in interstate commerce within the meaning of the FLSA.

14.     At all times relevant to this action, Defendants were Plaintiff's employer within the meaning of the FLSA.

15.     JONES was hired by CHANGSILA and employed to work at SALA THAI Restaurant in the District of Columbia from 2006 until 2008 as a manager and was to be compensated on a bi-weekly salary in the approximate amount of $1,500.00 based on a 40-hour workweek.

16.     At all times throughout the course of Plaintiff's employment, Defendant CHANGSILLA willfully and systematically engaged in "wage theft" or "payroll fraud" and was assisted by RAVESTEIJN whereby Defendants 1) reported false income on w2s to the IRS and State of Maryland taxing authorities attributed to Plaintiff which compensation was never paid.

17.     JONES was initially working 40 hours a week which was the basis of his salary but shortly after working for SALA THAI his hours were increased by CHANGSILA and was then also required to work at the Bethesda Maryland location, defendant JA-ROEN-D INC., that operated as SALA THAI that was owned an operated by CHANGSILA.

18.     At all times relevant times herein, REVESTEIJN was the agent and accountant for Defendants CHANGSILA and the SALA THAI restaurants who performed all accounting services for these defendants and towards the Plaintiff and the Class.

19.     In his capacity as an agent and accountant for Defendants, REVESTEIJN drafted,

provided or submitted the accounting, employment hours, federal and state tax documents, w2s, methodology and payroll and checks to employees of SALA THAI including the Plaintiff's and the Class.

20.     At all times relevant REVESTEIJN was fully aware of the substantial hours that Plaintiff worked and the methodology of his compensation, a salary every two weeks, and which location he worked but acted to assist in concert to commit fraud as alleged herein to the detriment of the Plaintiff.

21.     JONES was never paid any overtime wages nor was he provided any paid vacation time or benefits as was required.

22.     JONES was initially hired to manage the SALA THAI restaurant in Washington DC but was soon thereafter then required to work at the Bethesda, Maryland location twice a week, if not more at CHANGSILA'S demand but at Plaintiff's own expense and time (approx. 20 hrs. per week without including travel time which is an additional 4 - 6 hours per week) which was never compensated.

23.     Plaintiff was required to use his own gas, insurance and vehicle which caused a diminution of value to his car by adding miles and usage on his vehicle between the locations DC and Bethesda SALA THAI locations which value is estimated about $5,000.00 that was never compensated or reimbursed by defendants.

24.     According to Plaintiff and the compensation or pay records he received, he was paid a salary on a biweekly basis (every two weeks) on what was expressed to him to be the approximate amount of $1,500.00. but would in fact vary in some manner based on the improper and wrongful accounting practices employed by the defendants which was not known at the time to Plaintiff who was unaware of accounting practices and taxes in general let alone the scheme in place by defendants to defraud him and the US Government while in fear for his employment

position that he relied upon to bring his daughter to the US from Thailand like so many immigrants seeking to be reunited with their families.

25.     For example, for the 2007 tax year, the defendants provided several different W2s to Mr. Jones, who is unfamiliar with business let alone accounting and is a native from Thailand, assumed based on the representations and actions of the defendants, that it was just standard accounting methods employed by defendants since his pay never really changed

26.     As a result of the false w2s submitted to the IRS, Plaintiff was hit with a substantial tax burden and imputed nearly $30,000 of additional income that he never received (See attached as Exhibit A- IRS statement of wages for 2007 dated May 2014).   Although JONES initially believed it to be an IRS or accounting mistake as explained and represented to him by CHANGSILA that would be corrected, it later (2014) became clear it was not, and the defendants may still be engaging in a pattern of deceit by making false statements to the US Government and issuing false W2s for its employees that violate the tax reporting laws, State and Federal employment laws, as well as amounting to false and deceptive trade practices, while committing fraud and money laundering to the detriment of the Plaintiff and the Class.

27.     By intentionally and/or wrongfully and falsely altering or attributing income to Plaintiff and the Class, the defendants, sought to avoid State and Federal taxes or to conceal unreported income to benefit them or some favored employees or otherwise launder money as their scheme in violation of the federal and local laws, including the civil RICO statute under 18 USCA §§ 1961 *et seq.*

28.     In short, JONES never made the income defendants wrongly and falsely attributed to him in the approximate additional amount of $30,000 except for his actual biweekly salary. Defendants knowingly, falsely an under oath reported this income attributed to Plaintiff to the US Government and the taxing authorities in Maryland and the District of Columbia in violation

of federal and state laws.

29.     Unfortunately, the additional $30,000 income falsely and wrongfully attributed to JONES by SALA THAI, CHANGSILA and REVESTEIJN has caused substantial and irreparable harm to Plaintiff.

30.     The IRS required Plaintiff to make payment on the combined false amount of nearly $60,000 indicated on the W2s that were falsely created, reported and sent by Defendants to the IRS to cause JONES harm and did. **(See Exhibit A).**

31.     When contacted by Plaintiff, CHANGSILA denied any wrongdoing creating the impression that the IRS had made a mistake and had created that belief through REVESTEIJN.

32.     The manufacturing and reporting of false income attributed to the Plaintiff by Defendants has caused a substantial financial burden on Plaintiff who is now responsible to pay taxes, penalties and interest on the wrongfully reported income.

33.     Between 2009 through 2013, CHANGSILA represented to JONES the additional income attributed to Plaintiff (that was never paid but reported) on the w2s was an IRS or accounting mistake and that it would be corrected, and that he, and REVESTEIJN, were working with the taxing authorities, including the IRS to correct the situation that had been complicated by the sale of one or more of the SALA THAI restaurants.

34.     JONES relied upon these representations by CHANGSILA, but defendants failed to take any corrective action to correct the harm occurring to JONES including reuniting with his daughter.

35.     At all times relevant, Plaintiff disputed the additional income to the IRS that sought taxes, penalties and interest on the falsely reported income upon Plaintiff by the defendants but JONES had no choice but to enter into a payment plan with the IRS to pay these taxes until the issue was cleared up by the defendants, or at least that is what Plaintiff was led to believe by CHANGSILA

and was the only hope to bring his daughter to the US.

36.     To add insult to injury, JONES had sought to bring his daughter from Thailand to live with him (that was known to CHANGSILA) from the beginning of his employment but could not do so because of the outstanding federal taxes resulting from Defendants wrongful conduct that acts as a bar from petitioning his child under the US immigration laws.

37.     In 2014, Defendant CHANGSILA reneged on his representations and now made clear he had no intention to remedy the situation or provide truthful information to Plaintiff or anyone else.  When Plaintiff contacted CHANGSILA to inform him of the W2s issues had still not been cleared up and to seek his immediate help, CHANGSILA, who did not deny the false W2s, felt insulted and became angry and threatened Plaintiff.

38.     In 2014, Plaintiff requested from CHANGSILA proof of payments alleged in the false W2s including deposited checks but was told that no accounting records exist due to the sale of the SALA THAI[3] business which was a further attempt to conceal the fraud despite having access to the business bank accounts let alone the accounting records that have been maintained by REVESTEIJN throughout this time.

39.     At no time did Plaintiff receive tips or compensation for work outside of his salary and was most importantly never paid beyond his stated bi monthly salary in the approximate amount of $1,500.00 which payment itself was illegal as the compensation was never uniform or consistent with the FLSA or DCMWA.

40.     In February 2014, Plaintiff had retained a lawyer who sent a letter to CHANGSILA to correct the tax consequences wrongfully attributed to JONES and in response, CHANGSILA

---

[3] Defendants not only failed to provide copies of alleged compensation checks that are held by defendants banks but that the accountant REVESTEIJN is acting as the accountant for the alleged new owner of SALA THAI.  Upon information and belief, CHANGSILA only sold one location of the SALA THAI restaurants which reported sale is dubious at best made to avoid liability.

sent a relative to the current employment of Plaintiff to send a veiled threat to JONES from taking legal action. Although no words were exchanged directly, the message of intimidation was clearly sent to JONES that unfortunately happens in the Asian immigrant community by their employers.

41.     In February 2014, Defendants then used their lawyer to send a responsive letter by US Mail to misrepresent mask, and continue their fraud by renewing an confirming their false reported income an actions towards Plaintiff (**See attached as Exhibit B- Letter from A. Tsimpedes, Esq. to Sala Thai (Bethesda) dated February 20, 2014; Exhibit C- Letter from M. Strong, Esq. to A. Tsimpedes, Esq. dated February 27, 2014).**

42.     Defendants attempt to confuse the facts of Plaintiff's employment from a manager on a set salary every two weeks ($1,500.00 bi-weekly) to clandestinely falsely reporting and alleging Plaintiff was working at two locations and receiving **two** separate incomes above his alleged salary as stated that was then reported to the US Government under oath and given very opportunity to correct their wrongful actions, has now taken on the additional layer of a legal defense to further intimidate and frustrate the truth in this matter.

43.     Plaintiff was required to work at the two locations as part of his alleged titled management duties but he never received two incomes nor more than his bimonthly salary of approx. $1,500.00. Plaintiff also was required to 70 hours in average per week with no overtime pay or compensation let alone reimbursement for travel to the other location.

44.     Plaintiff  never received any monies beyond his stated salary nor did he ever work for tips as falsely alleged by defendants which is a known fraudulent method of employers to compensate undocumented workers through the identity of a legitimate worker or to otherwise "launder monies" in violation of local and federal laws.

45.     The  falsely  reported  income  by  Defendants  to  the  IRS  regarding  Plaintiff  was

approximately sixty thousand dollars ($60,000.) of which nearly $30,000 was falsely reported and consisted of a substantial tip income that applies to an hourly employee when in fact Mr. Jones was a salaried employee for which he never received compensation for overtime hours which in itself was a pretext to violate the local and federal labor laws.

46.     The amounts of money paid to Plaintiff by Defendants' are easily ascertainable by Defendants such as bank records and in their exclusive control but refuse to do so while denying any wrongdoing **(See attached as Exhibit D -  A. Tsimpedes, Esq. letter to M. Strong, Esq. dated May 16, 2014).**

47.     Defendants reporting that Plaintiff was an hourly wage earner or tipped employee while employed are false and were falsely reported to the US Government when the defendants knew it to be false while never compensating the Plaintiff.

48.     Upon information and belief, Defendants have conspired and organized a racketeering enterprise of falsely reporting income or payments to employees, in order to wrongfully benefit and have chosen to create a false accounting and payroll system by falsely attributing payments and reporting income to the IRS and other Government agencies of employees including Plaintiff or others similarly situated, who never received the income alleged.

49.     At all times relevant, Plaintiff never worked hourly, never received tips or ever received two paychecks in any pay period other than his one salary in the approximate sum of $1,500.00 bi-weekly (every two weeks[4]) while working two jobs at different locations at or above 70 hours per week for approximately 80 weeks as demanded and required by CHANGSILA.

## CONSPIRACY

50.     Defendants conspired with one another to commit wrongful and illegal acts towards Plaintiff, in that his income was not only intentionally and fraudulently attributed to him that he

---

[4] At all times relevant, Plaintiff was paid every two weeks in the approximate amount of $1,500.00 by the defendants.

did not receive, but that he was compelled to pay State and Federal taxes on falsely reported income by defendants through fraud and under duress and to be able to bring his daughter to the US by a visa petition, that cannot happen if Plaintiff owes taxes and therefore entered into an 8 year payment plan with the IRS to pay the falsely reported income by the Defendants.

51.     The Defendants' wrongful acts and representations that resulted in wrongfully securing, diverting or dissipating monies belonging to Plaintiffs, or otherwise making representations omissions or preparing and providing false or deceptive tax returns and tax advice, were based on fraud and other illegal misrepresentations through the use of mail, telephone, wire transactions and/or banking transactions within the State of Maryland and District of Columbia with the tortious conduct, including false reporting, omissions and harm occurring primarily in the District of Columbia and the State of Maryland where the Plaintiff respectively worked an resides.

52.     Defendants' independent and joint actions or omissions knowingly interfered with the rights and property of the Plaintiff, while violating laws of the District of Columbia and/or the State of Maryland.

53.     Defendants knowingly and willfully conspired with one another, and took acts jointly and independently from one another, to wrongfully obtain, divert or withhold assets belonging to Plaintiff and falsely reporting income on his w2s to the federal government.

**MALICE**

54.     Plaintiffs incorporates by reference all preceding Paragraphs of this Complaint as if set forth in full.  Defendants and their agents or employees, and individually or in concert, for their own self or joint interests have intentionally, knowingly or with recklessness wrongfully reported, obtained, diverted, or withheld compensation and wages belonging to the Plaintiff and others similarly situated, to their detriment.

**TOLLING OF THE STATUTE OF LIMITATIONS**

12

55.     Defendants were required by 29 C.F.R. § 516.4 and D.C. Code §32-1009 to post

a conspicuous notice explaining the FLSA and summarizing the DC Minimum Wage Act.

56.     On information and belief, at all times relevant to this action that continues to this day,

Defendants failed to post any notices required by 29 C.F.R. § 516.4 and D.C. Code §32-1009.

57.     As a result, any statute of limitations applicable to Plaintiffs' claims, and the

claims of the members of the class and collective actions, are equitably tolled for the period

that Defendants failed to post notices.

58.     Additionally, there are several other legal basis for equitable tolling including the fraud

being committed and concealed, the recent admission of defendant CHANGSILA and his recent

threats towards Plaintiff to thwart justice by chilling the use of the judicial system.  The fraud

was discovered by Plaintiff's attorney in 2014 and the last predicate act[5] or concealment of

defendants conduct occurred in 2014 when defendants' denied wrongdoing and claimed that the

accounting records are not available to investigate the claims due to the sale of the SALA THAI

business which is incredulous given the fact that the current SALA THAI even if sold to an

alleged third party is upon information and belief being assisted or controlled by defendants and

their accounting methods through defendant REVESTEIJN, an accountant and agent for

CHANGSILA,  has not changed despite an alleged change in ownership.

## COLLECTIVE ACTION ALLEGATIONS

59.     Plaintiff is pursuing this action as an FLSA collective action on behalf of himself and all

other similarly situated individuals who performed work duties for Defendants at the SALA

THAI restaurants controlled or operated by CHANGSILA at any time during the relevant time

period  **(2007 through the present).**

60.     In the present case, the questions of law or fact common to the members of the class

---

[5] Under RICO, *18 USCA §§ 1961, et seq.*

predominate over any questions affecting only individual class members.

61.     The essence of this entire case is that Defendant engaged in common and systematic "wage theft" or "payroll fraud" whereby Defendant caused Plaintiff and other similarly situated individuals to perform work duties "off the clock" and, as a consequence, failed and refused to compensate Plaintiff and other similarly situated individuals for non-overtime hours at an hourly rate at least equal to the Federal Minimum Wage and for overtime hours worked at an hourly rate at least equal to the FLSA required overtime rate; and in addition falsely reported income to on w2s submitted to the IRS thereby causing additional harm of significant tax consequences that is intentional and fraudulent.

62.     Common to the claims of Plaintiff and all class members is that each individual received compensation from Defendant at a rate less than the required FLSA minimum wage and overtime rate and in addition had income falsely reported to the IRS by Defendants.

63.     Specifically, Plaintiff and each class member is seeking the difference between the wages Defendant employer paid them each week and the hours Defendant should have paid Plaintiff and each class member had Defendant compensated Plaintiff and each class member as required by the FLSA for all work duties performed primarily for Defendant's benefit; and to be compensated for the tax consequences wrongfully attributed by the false w2s reported by defendants

64.     In the present case, the number of class members is believed to exceed forty (40) - current or former employees of Defendant CHANGSILA and his SALA THAI restaurants located in the District of Columbia and Maryland.

65.     All class members are readily identifiable from information and records, on information and belief, in the possession and control of the Defendants.

## CAUSES OF ACTION

### COUNT I
(Violation of Federal Fair Labor Standards Act - Overtime)

66.     Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-65 above, as if each were set forth herein.

67.     Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

68.     Plaintiff, and all others similarly situated, were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and each Defendant was their "employer" under FLSA, 29 U.S.C. § 207(a)(2).

69.     Each Defendant, as the legal or statutory "employer" for Plaintiff and all others similarly situated, was obligated to compensate the Plaintiff and all other similarly situated individuals at the FLSA required overtime rate for all hours worked per week in excess of forty (40).

70.     As set forth above, while in Defendant's employ, Plaintiff and all others similarly situated worked many "off the clock" overtime hours as part of their employment.

71.     As set forth above, while in Defendant's employ, Defendants failed and refused to compensate Plaintiff and all others similarly situated at the FLSA required overtime rate for all overtime hours worked each week[6].

72.     Defendant's failure and refusal to pay Plaintiff and others similarly situated as required

---

[6] The illustrate this point, only by way of example, if Plaintiff worked seventy (70) hours in a week and received wages only for a 40 hour work week based on a $1500.00 biweekly salary ($30,000 yearly) which wages when divided by 80 hours comes out to the rate of $18.75 per hour for (40) hours and zero wages for overtime hours- thirty (30) hours x 1.5 (18.75 x.1.5 x 30= $843.75) and when multiplied for approximately the duration of the employment period of 80 weeks = $67,5000 (and trebled = $202,500.00). Therefore, Defendants are liable for $202,500.00 plus attorney fees.

by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff and all other similarly situated individuals under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

COUNT II
(Intentional Misrepresentation)
CHANGSILA and HAVERSTEIJN

73.     Plaintiff re-alleges paragraphs 1 through 72 of this Complaint as if set forth in full.

74.     Defendants' intentional false misrepresentations were made while owing a duty of care to the Plaintiff.

75.     Defendants intended that Plaintiff act or rely upon the intentionally false statements.

76.     Defendants knew or should have known that Plaintiff would rely upon the intentionally false statements, which, if erroneous, would cause damage to Plaintiff.

77.     Plaintiff justifiably relied upon the Defendants' statements and assertions.

78.     As a result of Defendant's intentional acts, Plaintiff incurred damages.

COUNT III
(Constructive Fraud)
CHANGSILA and HAVERSTEIJN

79.     Plaintiff re-alleges paragraphs 1 through 82 of this Complaint as if set forth in full.

80.     Defendants CHANGSILA and HAVERSTEIJN owed a legal or equitable duty arising out of a relationship of trust or confidence with Plaintiff.

81.     Each Defendant breached their duty to Plaintiff.

82.     Each Defendant's conduct deceived or violated Plaintiff's confidence.

83.     As a result of Defendants' conduct and breach of duty, Plaintiff suffered damages.

1

COUNT IV

(Concealment or Non-Disclosure)

CHANGSILA and HAVERSTEIJN

2

3

84.     Plaintiff re-alleges paragraphs 1 through 83 of this Complaint as if set forth in full.

4

85.     Defendants had a duty to disclose material facts to the Plaintiff.

5

6

86.     Defendants failed to disclose material facts to Plaintiff.

7

87.     Defendants intended to deceive Plaintiff by failing to disclose material facts.

8

88.     Plaintiff acted in justifiable reliance upon the misrepresentations of material facts by

9

Defendants.

10

89.     As a result of the concealment by Defendants, Plaintiff suffered damages.

11

COUNT V

(Aiding and Abetting)

CHANGSILA and HAVERSTEIJN

12

13

14

90.     Plaintiff re-alleges paragraphs 1 through 89 of this Complaint as if set forth in full.

15

91.     Defendants knowingly and willfully provided substantial assistance, and sponsored and

16

partnered with each other deliberately and maliciously to commit the wrongful acts complained

17

of herein, seeking to violate the rights of Plaintiff and interfere with his wages and property

18

rights.

19

92.     Defendants aided and abetted each other by providing each other material aid and support

20

21

to benefit unjustly from and deprive Plaintiff of accurate information to determine his wages and

22

taxes.

23

93.     Defendants provided each other with resources to interfere with the economic interests of

24

Plaintiff.

25

94.     Defendants' conspiracy and illegal agreements, as well as independent acts, for their joint

26

27

and individual benefit, caused injury to the Plaintiff. Therefore, Defendants are jointly and

severally liable for damages under applicable law, including without limitation the laws of the

28

17

State of Maryland and/or the District of Columbia as stated herein.

95.     Defendants are directly or vicariously liable, jointly and severally, for their actions or the actions of their co-defendants, members or subsidiaries, because they controlled and/or acted in concert with the others in providing material support to commit the wrongful acts and deceive Plaintiff.

96.     For the reasons stated above, Defendants are jointly and severally liable to Plaintiff for statutory and common law claims as stated herein.

<u>COUNT VI</u>
<u>(Accounting)</u>

97.     Plaintiff realleges paragraphs 1 through 96 of this Complaint as set forth in full.

98.     The business relationship between Defendants and/or the circumstances regarding their relationship, coupled with the use of tax or accounting fraud based on withholding or manufacturing wages earned and therefore property as the basis for their illegal business relationship, including overtime makes this appropriate for an accounting.

99.     As a result of the aforementioned paragraphs, Defendants have withheld or received money or funds, a portion, if not all, of which is due to Plaintiff from Defendants, as previously alleged.

100.     The damages or amount of money due from Defendants to the Plaintiff is unknown to Plaintiff and cannot be ascertained without an accounting of the bank and payroll records, including w2s, cashed checks, accounting ledgers, receipts and time cards.

101.     The Plaintiff has been deprived of the use of the funds aforesaid and an accounting of the aforementioned w2s, bank transactions and accounting records from Defendants and payments are due Plaintiff and those similarly situated but Defendants have concealed their illegal enterprise, and will not render such an accounting and to pay such sum.

COUNT VII
(Unjust Enrichment)

102.    Plaintiff realleges paragraphs 1 through 101 of the Complaint as set forth in full.

103.    A benefit has been conferred upon the Defendants' by the Plaintiff.

104.    Defendants had knowledge of the benefit.

105.    Defendants retained or accepted the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its values or the return of the money that was improperly attributed to Plaintiff by Defendants.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court declare and enter an order and judgment against Defendants, jointly and severally, upon each and every count of the Complaint as follows:

1.    Declare that Defendants have falsely reported and attributed income to Plaintiff; and Declare that Defendants willfully violated Plaintiffs' rights, and the rights of other collective and class members, under the FLSA, the DC Minimum Wage Act, and the DC Wage Payment Act;

2.    Enjoin Defendants to comply with all applicable federal and state wage laws, including to:

i. post a conspicuous notice explaining the FLSA and summarizing the DC Minimum Wage Act;

ii. pay all wages earned, including overtime wages, to Defendants' employees at least twice during each calendar month, on regular paydays designated in advance;

iii. maintain a record of each hour worked, each day worked, and each week worked by any employee, as well as earnings and payroll records;

iv. when paying Defendants' employees, provide the employees with records explaining their pay, reflecting their hours, demonstrating their hourly wage, and demonstrating any deductions; and

v. when an employee of Defendants resigns or is terminated, promptly pay the employee's wages.

3.    Award to Plaintiff and to each member of the collective and class actions his or her unpaid wages and overtime premiums or wages plus an equal amount of liquidated damages as required by FLSA, the DC Minimum Wage Act, and the DC Wage Payment Act;

4.    Award Plaintiffs pre judgment interest on all amounts owed;

5.    Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action, including those provided by 29 U.S.C. § 216(b), D.C Code § 32-1012(c), and D. C. Code § 32-1308(b).

6.    Compensatory damages, including but not limited to monies owed for hours worked and value of services rendered by Plaintiff to Defendants to be determined at trial; and

a.    Punitive and/or Treble damages.

b.    An Accounting of all w2s and monies held or paid by Defendants to Plaintiff.

c.    All benefits conferred to Defendants unjustly shall be returned to Plaintiff

d.    Award attorneys' fees and costs; and

e.    Grant such other and further relief, as the Court may deem just and equitable.

## **DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 28(b), Plaintiff along with the members of the collective action and class action demands trial by jury on all issues.

Respectfully Submitted,


TSIMPEDES LAW FIRM

BY:

  /s/Athan T. Tsimpedes, Esq.     Dated:  July 30, 2015
                       Washington, DC

  DC Bar No. 452341
  1200 New Hampshire Avenue, N.W.
  Suite 725A
  Washington, D.C.  20036
  Ph: 202-464-9910
  athan@tsimpedeslaw.com
  *Attorney for Plaintiff ALSIS JONES*


## VERIFICATION

By signing below I swear under penalty of perjury that the contents of this complaint are true and correct and based on my personal knowledge.



_____
ALSIS JONES