**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALSIS JONES,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>PRAMOTE CHANGSILA, et al.<br><br>　　　　　　　　Defendants. | **Civil No.  15-cv-1240 (RDM-GMH*)*** |

**CONSENT MOTION AND INCORPORATED MEMORANDUM OF LAW
FOR APPROVAL OF THE FAIR LABOR STANDARDS ACT SETTLEMENT AND TO
ENTER AN ORDER OF DISMISSAL WITH PREJUDICE PURSUANT TO RULE 41(a)(2)**

Plaintiff ALSIS JONES, by and through his counsel, Athan T. Tsimpedes, Esq., herby moves the Court to approve and enter a Consent Order of Dismissal pursuant to Rule 41(a)(2) based upon the settlement terms reached by the parties during their Court-supervised mediation on March 8, 2018, with each party to bear his or its costs and fees.  Because this case involves claims under the Fair Labor Standards Act, the parties wish to have their settlement approved by the Court.  Defendants Pramote Changsila, Ja-Roen-D, Inc., Green T Group II, Inc., and Hans M. Ravesteijn, by and through their counsel, Joseph E. Schuler, Esq., have authorized Plaintiff to represent to the court that they consent to the entry of the order and dismissal of the case.  In further support of this motion, plaintiff states as follows.

**I.　BACKGROUND**

　　**A.　Procedural History and Settlement**

This litigation has been protracted and Plaintiff will not belabor their

1

presentation of procedural details. Briefly, the action was filed on July 31, 2015. *See* Doc. No. 1.

The defendants named in the original complaint moved to dismiss, and Plaintiff filed an amended complaint naming the current defendants, listed above. *See* Doc. No. 14. The current defendants moved to dismiss all claims in the amended complaint as well as one that was alluded to but not expressly stated as a cause of action.

By memorandum opinion and order issued on September 20, 2017, United States District Judge Randall D. Moss issued an order granting in part and denying in part the motion to dismiss. *See* Doc. No. 27. Of note, the order dismissed all claims under the Fair Labor Standards Act as to defendant Ravesteijn.

Defendants thereafter answered the remaining counts of the amended complaint. *See* Doc. 28.

On November 14, 2017, the court entered an Order staying the proceedings pending mediation. On November 15, 2017 the Judge Moss referred the parties to conduct mediation before the Honorable G. Michael Harvey. The parties mediated with the assistance of Judge Harvey on March 8, 2018, reached terms to resolve the claims in this case as to all parties, and reduced their agreement to a term sheet.

Thereafter, the parties incorporated the terms set forth in the term sheet into a confidential settlement agreement and release. The confidential settlement agreement and release has been executed by all parties. It is final and binding. As a term of the agreement, plaintiff is to dismiss the instant action with prejudice. As noted, defendants consent to this dismissal, each party to bear his or its costs and fees.

**B.     Nature of Plaintiff's Claims.**

Plaintiff's amended complaint asserts two sets of claims relating to the

corporate defendant-restaurants' payroll and tax reporting practices: First, he contends that the restaurants who allegedly employed him, their alleged owner (defendant Prangsila), and the alleged accountant (defendant Ravesteijn) violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, by failing to pay him overtime wages to which he was entitled. Second, he alleges that they committed an assortment of common law torts by falsely reporting to the Internal Revenue Service ("IRS") and state tax authorities that he was paid several thousands of dollars in tips, which, in fact, he never received. He alleges that these false reports caused him to incur substantial, unfounded tax liabilities. *See* Doc. 27 at 1. As noted, Judge Moss dismissed the FLSA claims as to defendant Ravesteijn.

### C. Legal Background

As for background on the FLSA claim, the FLSA requires employers to pay employees for all hours worked, including a "time-and-one-half" overtime premium for all hours worked over 40 in a workweek unless the employee is exempt. *See* 29 U.S.C. §§ 206-207, 213. The FLSA does not specifically define what is meant by the term "work", *id.*, but the Department of Labor has promulgated regulations containing "Principles for Determination of Hours Worked" to inform this issue. *See* 29 C.F.R. §§ 785.11785.13. These principles state that any work an employer "suffers or permits" to be performed must be counted as hours worked when the employer "knows or has reason to believe" the work is being performed. An employee may be exempt if he is employed in a bona fide executive capacity. 29 U.S.C. § 213(a)(1).

Here, plaintiff contends that he was not employed in a bona fide executive capacity while defendants contend that he was.

The FLSA also provides that all claims must be brought no later than 3 years

3

following the

### D.     Potential Litigation Risks

In his memorandum opinion and order denying, in part, defendants' motions to dismiss, Judge Moss identified a number of potential risks to plaintiff under his theories of the case including whether all of his claims are subject to dismissal under applicable statutes of limitation. As further reviewed with the Court during the supervised mediation, had the parties been unable to resolve their disputes through early mediation the next step was discovery, potentially followed by further dispositive motion briefing and then trial, all at great cost of time and expense. Plaintiff faced meaningful risk as well of not prevailing, and receiving no money for his claims.

## II.     LEGAL STANDARD FOR FLSA SETTLEMENT APPROVAL

"The D.C. Circuit has not opined about whether judicial approval is required of FLSA settlements reached after an FLSA suit has been filed or the related issue of whether such approval is a prerequisite for subsequent judicial enforcement of a private settlement." *Sarceno v. Choi*, 78 F. Supp. 3d 446, 449 (D.D.C. 2015). However, given that a court's refusal to assess proposed FLSA settlements *ex ante* "leaves the parties in an uncertain position[,]" courts in this district often agree to review proposed FLSA settlements when the parties jointly seek judicial approval. *Carrillo v. Dandan, Inc.*, 51 F. Supp. 3d 124, 131 (D.D.C. 2014); *Sarceno*, 78 F. Supp. 3d at 44950; *Eley v. Stadium Grp., LLC*, 236 F. Supp. 3d 59, 62-63 (D.D.C. 2017). Notably, however, "[t]he Court's review of a proposed FLSA settlement is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." *Carrillo*, 51 F. Supp. 3d at 134.

When assessing the terms of an FLSA settlement agreement, the court must first determine whether the proposed settlement "resolves a *bona fide* dispute." *Carrillo*, 51 F. Supp.

3d at 131. "A settlement is *bona fide* if it reflects a reasonable compromise over issues that are actually in dispute[.]" *Sarceno*, 78 F. Supp. 3d at 450 (internal quotation marks and citation omitted).

"Once a bona fide dispute has been established, the court must consider whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* at 450 (second alteration in original) (internal quotation marks and citation omitted). This second inquiry takes into account the "totality of the circumstances" with an eye toward whether an FLSA settlement is fair and reasonable. *Carrillo*, 51 F. Supp. 3d at 132 (explaining that "the focus is on the fairness of the process used by the parties to reach settlement and the practical ramifications of the settlement"); *Eley*, 236 F. Supp. 3d at 62-63. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1173 (S.D. Cal. 2016) (acknowledging that "many courts have adopted a totality of circumstances approach" and thereafter adopting a variation on that approach).

The factors that courts typically consider in determining whether a proposed FLSA settlement is fair and reasonable include: (1) whether the settlement is the product of overreaching by the employer; (2) whether the settlement is the product of negotiation between represented parties following arm's-length bargaining; and (3) whether there exist serious impediments to the collection of a judgment by the plaintiffs, including consideration of "the potential benefits and pitfalls of proceeding to trial." *Choi*, 78 F. Supp. 3d at 452; *Carrillo*, 51 F. Supp. 3d at 132; *Eley*, 236 F. Supp. 3d at 62-63. There is a strong presumption that a settlement possessing these traits is fair and reasonable. *Choi*, 78 F. Supp. 3d at 451 (collecting authority).

### III. THE COURT SHOULD APPROVE THE PARTIES' PROPOSED SETTLEMENT

First, as this Court well knows, this litigation involves a *bona fide* dispute. This case has already involved contentious litigation on multiple issues.

Second, the Parties' proposed settlement is not the product of "employer overreach," but rather, represents a reasonable compromise of disputed claims.

Third, the settlement is the product of an arm's-length negotiation. The parties entered into a Term Sheet on March 8, 2018 after a full-day mediation with the Honorable Michael J. Harvey, a United States Magistrate Judge with considerable experience in both FLSA claims and the risks inherent in litigation.

Fourth, Plaintiffs faced serious challenges in recovering on their claims in addition to the standard risks inherent to litigating any wage and hour case. These risks were reviewed and documented during the mediation.

### IV. CONCLUSION

For the reasons set forth herein, the instant consent motion should be granted in its entirety.

Respectfully submitted,

Dated: May 16, 2018
Washington, DC

/s/Athan T. Tsimpedes, Esquire
Tsimpedes Law Firm
DC Bar no.452341
1200 New Hampshire Avenue,NW
Suite 725A
Washington, D.C. 20036
(202) 464-9910 (ph)
Counsel for Plaintiff